# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: December 4, 2019

| | | |
|---|---|---|
| ROBERT THRASHER *and* EMILY THRASHER, *as Parents & Natural Guardians of* L.T., *a minor*, | * | |
| Petitioners, | * | No. 18-493V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Robert P. Goodwin*, Walsh Roberts & Grace, Buffalo, NY, for Petitioners.
*Robert P. Coleman, III*, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On April 4, 2018, Robert and Emily Thrasher ("Petitioners") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of their minor child, L.T.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioners alleged that L.T. suffered injuries including intussusception as a result of a rotavirus vaccination that was administered on October 24, 2016. *See* Petition, ECF No. 1. On August 5, 2019, the parties filed a joint stipulation of dismissal, and on the same day the undersigned issued her Order concluding proceedings, dismissing the petition. ECF No. 25.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On August 16, 2019, Petitioners filed an application for final attorneys' fees and costs. ECF No. 26 ("Fees App."). Petitioners request total attorneys' fees and costs in the amount of $11,628.13, representing $9,725.00 in attorneys' fees and $1,903.13 in attorneys' costs. Fees App. at Ex. 1 at 5. Respondent responded to the motion on August 29, 2019, stating that "Respondent defers to the Special Master to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 27. Petitioners did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees and costs is appropriate.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Reasonable Hourly Rates

Petitioners request that their attorney, Mr. Robert Goodwin, be compensated at $250.00 per hour for all work done in this case, from 2017-2019. Fees App. at 2. This rate is consistent with what Mr. Goodwin has previously been awarded for his Vaccine Program work in those years. *See Welch v. Sec'y of Health & Human Servs.*, No. 18-494V, 2019 WL 5099690, at *3 (Fed. Cl. Spec. Mstr. Aug. 29, 2019) (finding $250.00 per hour to be a reasonable hourly rate for Mr. Goodwin). Accordingly, no adjustment to the requested rate is necessary.

**b. Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and, upon review, the undersigned does not find any of the billing entries to be unreasonable. Respondent also did not indicate that he finds any of the billing entries to be unreasonable. Accordingly, Petitioners are entitled to final attorneys' fees in the amount of **$9,725.00**.

**c. Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $1,903.13 in costs for acquiring medical records and the Court's filing fee. All of these costs are typical of Vaccine Program litigation and are reasonable in the undersigned's experience, and Petitioners have provided adequate documentation supporting the request. Accordingly, the requested attorneys' costs are reasonable and shall be reimbursed in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $9,725.00 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$9,725.00** |
| | |
| Attorneys' Costs Requested | $1,903.13 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,903.13** |
| | |
| **Total Amount Awarded** | **$11,628.13** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $11,628.13, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioners and their counsel of record, Mr. Robert Goodwin.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Katherine E. Oler**
Katherine E. Oler
Special Master

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).